United States District Court

Eastern District of California

G. Funtanilla,

      Petitioner,                        No. Civ. S 01-2262 MCE PAN P

  vs.                              Findings and Recommendations

Cheryl Pliler, et al.,

      Respondents.

-oOo-

Petitioner, a state prisoner without counsel, seeks a writ of habeas corpus. See 28 U.S.C. § 2254. Respondents move to dismiss upon several grounds, all but one of which the court has addressed. The court directed supplemental briefing on the question whether petitioner's default of state procedures bars federal review of his claims, specifically whether the rule in In re Dexter, 25 Cal.3d 921 (1979), is adequate to bar federal review of petitioner's claims. The parties have submitted supplemental briefs on the question.

1    November 29, 1990, petitioner was found guilty of a
2 disciplinary infraction resulting in forfeiture of 30 days
3 credit.  Petitioner was advised he could file an appeal within 15
4 days.  August 25, 1996, petitioner filed his first administrative
5 appeal, which was denied as untimely.  Petitioner's appeal to the
6 director's level of review was denied.
7    September 21, 1998, petitioner filed a habeas petition in
8 the Superior Court seeking restoration of his credit.  The court
9 denied relief.
10    October 28, 1998, petitioner filed a habeas petition in the
11 appellate court.  The court denied relief.
12    The California Supreme Court denied petitioner's habeas
13 application April 25, 2001, with citations to In re Clark, 5
14 Cal.4th 750 (Cal. 1993), In re Robbins, 18 Cal.4th 770 (Cal.
15 1998), and In re Dexter, 25 Cal.3d 921 (1979).  Dexter requires
16 state prisoners to exhaust the available administrative remedies
17 before seeking habeas corpus relief.
18    Respondent contends petitioner's default of the rule
19 requiring prisoners to exhaust available administrative remedies
20 before seeking habeas relief bars federal review.
21    Before seeking federal habeas relief, a state prisoner must
22 fairly present his claims to the highest state court so that
23 court has an opportunity to rule on the merits of his federal
24 claims.  Picard v. Connor, 404 U.S. 270, 278 (1971).  A
25 petitioner who defaults a state procedural rule that is
26 independent of federal law and adequate to support the judgment

2

is barred from obtaining federal habeas review of his claims unless he can show either cause for the default and actual prejudice as a result of the alleged violation of federal law, or that failure to consider the claims will result in a fundamental miscarriage of justice. Coleman v. Thompson, 501 U.S. 722, 750 (1991). A state ground is adequate and independent if the last state court to which the petitioner presented the claim actually relied on a state rule that was sufficient to justify the decision. Valerio v. Crawford, 306 F.3d 742, 773 (9th Cir. 2002) (en banc), cert denied, 538 U.S. 994 (2003). A state ground is independent if it is not interwoven with federal law, viz., application of the rule is not dependent on an antecedent ruling of federal law. Park v. California, 202 F.3d 1146, 1152 (9th Cir. 2000). A state rule is adequate if it is firmly established and regularly followed by state courts at the time of the purported default. Lee v. Kemma, 534 U.S. 362, 389 (2002); Hill v. Roe, 321 F.3d 787, 790 (9th Cir. 2003). Once the state sufficiently pleads adequacy, the burden shifts to petitioner to make specific factual allegations demonstrating inadequacy, including citation to authority demonstrating inconsistent application of the rule. Bennett v. Mueller, 322 F.3d 573, 585-86 (9th Cir.), *cert. denied*, 540 U.S. 938 (2003).

Dexter requires prisoners to exhaust available administrative remedies before seeking relief from the courts unless it would be futile so to do. Dexter, 160 Cal.Rptr. at

121.[1]  Since Dexter is based solely on state law, the rule is independent of federal law.  See Carter v. Giurbino, 385 F.3d 1194, 1197-98  (9th Cir. 2004) (state rule independent where "[n]o federal analysis enters into the [rule's] equation").

Respondents demonstrate courts have required litigants to exhaust available state remedies before pursuing judicial remedies since 1941.  See Abelleira v. District Court of Appeal, 17 Cal.2d 280, 292 (Cal. 1941).  The rule was firmly established in August 1996, at the time of petitioner's purported default.

The rule has been applied consistently since Abelleria.  See, e.g., In re Muszalski, 52 Cal.App.3d 500, 503 (Cal. 1975); In re Thompson, 52 Cal.App.3d 780, 783 (Cal. 1975); In re Serna, 76 Cal.App.3d 1010, 1014 (Cal. 1978); Wright v. State, 19 Cal.Rptr.3d 92, 95-97 (Cal. App. 2004); People v. Mendoza, 187 Cal.App.3d 948, 954-55 (Cal. App. 1986).  Petitioner makes no showing by reference to published or unpublished state court decisions that the rule is applied inconsistently.

The rule of Dexter is an adequate and independent state ground that bars this court from reaching the merits of petitioner's claims.

Petitioner contends his mental illness and mental retardation constitute cause for the default.  "Cause" is "something external to the petitioner," viz., some "objective factor external to the defense" which impeded efforts to comply

---

[1] Futility is shown by evidence the agency has declared what its rule or policy will be in a particular case.  Gantner & Mattern Co. v. California E. Com., 17 Cal.2d 314, 318 (Cal. 1941).

4

1 with the state's procedural rule. <u>Coleman</u>, 501 U.S. at 753;
2 <u>Murray v. Carrier</u>, 477 U.S. 478, 488 (1986). The standard is not
3 relaxed for petitioners who lacked counsel's assistance to
4 navigate a state's procedures. <u>Hughes v. Idaho State Bd. of</u>
5 <u>Corrections</u>, 800 F.2d 905, 907-09 (9th Cir. 1986) (pro se
6 petitioner's illiteracy not cause for default of a state's
7 procedural rule). A petitioner's mental illness is not a
8 circumstance amounting to cause. <u>Tacho v. Martinez</u>, 862 F.2d
9 1376, 1381 (9th Cir. 1988) (diagnosis as "borderline mental
10 defective" and reliance upon "incompetent jailhouse lawyers" is
11 not cause). Petitioner's mental illness is not cause for his
12 default of California's procedures.
13     This court is barred from reaching the merits of
14 petitioner's claims.
15     For these reasons and those stated in the August 13, 2003,
16 findings and recommendations, I hereby recommend respondents'
17 August 30, 2002, motion to dismiss be granted and that this
18 action be dismissed.
19     Pursuant to the provisions of 28 U.S.C. § 636(b)(1), these
20 findings and recommendations are submitted to the United States
21 District Judge assigned to this case. Objections may be filed
22 within 20 days after service of these findings and
23 recommendations. The document should be captioned "Objections to
24 Magistrate Judge's Findings and Recommendations." The district
25 ///
26 ///

5

1 judge may accept, reject, or modify these findings and
2 recommendations in whole or in part.
3     Dated:  April 26, 2005.

                                    /s/ Peter A. Nowinski
                                    PETER A. NOWINSKI
                                    Magistrate Judge